UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| AARON R. GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH WILSON, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 33)**<br><br>Case No. 1:23-cv-00131<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Aaron R. Garcia filed this action without an attorney and *in forma pauperis* (without paying the filing fee).[1] Mr. Garcia previously filed a motion to appoint counsel,[2] which the court denied without prejudice because he did not adequately justify his request.[3] Mr. Garcia has now filed a second motion for appointment of counsel.[4] Because the applicable factors do not support appointment of counsel under the circumstances presented here, the motion is denied.

---

[1] (*See* Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 5; Compl., Doc. No. 6.)

[2] (Mot. for Appointment of Counsel, Doc. No. 7.)

[3] (*See* Mem. Decision and Order Den. Without Prejudice Mot. to Appoint Counsel, Doc. No. 8.)

[4] (Mot. for Appointment of Counsel, Doc. No. 33.)

1

While defendants in criminal cases have a constitutional right to representation by an attorney,[5] "[t]here is no constitutional right to appointed counsel in a civil case."[6] Appointment of counsel in civil cases is left to the court's discretion.[7] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[8] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[9]

Considering these factors, appointment of counsel is unwarranted at this stage. Mr. Garcia asks the court to appoint counsel because he has limited knowledge of the law and court procedures. But this is true of most unrepresented litigants and is not a sufficient reason, on its own, to justify appointment of counsel in a civil case. Mr. Garcia also asserts this case will require intense legal research and significant investigation. However, the factual and legal issues raised in Mr. Garcia's complaint do not appear

---

[5] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[6] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[7] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[9] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

unusually complex.  Further, it is not yet clear whether Mr. Garcia's claims are meritorious.  Finally, Mr. Garcia appears capable of presenting his claims, based on his filings thus far in this case.  For all these reasons, Mr. Garcia has not demonstrated appointment of counsel is warranted at this stage.

    Accordingly, the court DENIES Mr. Garcia's motion for appointment of counsel.

    DATED this 3rd day of May, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge