UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| AARON R. GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH WILSON; ABREGO KA; T. O'DOHERTY; PAUL RIMMASCH; JESSICA PONTIUS; JORDEN NIELSEN; RICHARD CHILDRESS, OGDEN CITY; and WEBER COUNTY,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO (1) GRANT MOTION TO DISMISS (DOC. NO. 37), (2) GRANT MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 40), AND (3) DISMISS ACTION WITHOUT PREJUDICE**<br><br>Case No. 1:23-cv-00131<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Aaron R. Garcia, proceeding without an attorney, filed this action against Ogden City, Weber County, and several law enforcement officers, bringing claims under 42 U.S.C. § 1983 for violations of various constitutional rights.[1] Ogden City and Ogden City Police Officers Joseph Wilson, Abrego Ka, T. O'Doherty, Jorden Nielsen, and Richard Childress (collectively, the "Ogden City Defendants") filed a motion to dismiss for failure to state a claim.[2] Weber County and Weber County employees Paul Rimmasch and Jessica Pontius (collectively, the "Weber County Defendants") filed a

---

[1] (*See* Compl., Doc. No. 6.)

[2] (*See* Ogden City Defs.' Mot. to Dismiss ("Ogden City MTD"), Doc. No. 37.)

motion for judgment on the pleadings.³  Mr. Garcia did not respond to either motion.  As explained below, because Mr. Garcia fails to state any plausible claim for relief, the undersigned⁴ recommends the district judge grant Defendants' motions.

## MR. GARCIA'S COMPLAINT

Using a form civil rights complaint, Mr. Garcia brought this action under § 1983 for violations of the following rights:

> Fourth Amendment right unreasonable Search and Seizure, tampered Evidence, Fabricated Evidence, perjury.  Fifth Amendment self Incrimination, Seventh Amendment right to jury trial.  Eighth Amendment cruel Punishment unusual punishment fourteenth amendment shall any state deprive any person of life liberty or property with out due process of law nor deny equal protection of law.⁵

Although the connection between Mr. Garcia's factual allegations and the rights identified above is not always clear, his complaint contains a narrative description of several incidents involving Defendants.⁶  First, Mr. Garcia alleges that in December 2021, he was a passenger in a vehicle Officers Wilson, O'Doherty, and Ka pulled over due to a broken tail light.⁷  Mr. Garcia argues the officers "used excessive force to pull

---

³ (*See* Weber Cnty. Defs.' Mot. for J. on the Pleadings ("Weber Cnty. Mot. for JOP"), Doc. No. 40.)  The Weber County Defendants filed an answer to the complaint, arguing Mr. Garcia fails to state a claim and asserting several affirmative defenses.  (*See* Answer 1, 4–7, Doc. No. 30.)

⁴ This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 10.)

⁵ (*See* Compl., Doc. No. 6 at 3.)

⁶ (*See id.* at 4, 8.)

⁷ (*Id.* at 4.)

over the vehicle for a broken tail light[] as the driver is licensed, vehicle is registered, [and the] vehicle is [i]nsured."[8]  But Mr. Garcia does not explain how a traffic stop constitutes the use of force.  Mr. Garcia also asserts he was "Terry frisked multiple times" before being "book[ed],"[9] though it is unclear whether Mr. Garcia contends the frisks were unlawful.

Next, Mr. Garcia claims Officers Wilson and Nielsen failed to conduct "a proper reasonable suspicion investigation" when they arrested him for trespassing at a convenience store in August 2022.[10]  Mr. Garcia argues the store is open to the public "24 hours a day 7 days a week," and the officers falsely asserted Mr. Garcia had warrants out for his arrest.[11]

Mr. Garcia further claims Detective Childress, Officer Wilson, and Ms. Pontius "coerced and orchestrated tampering evidence [and] documents [by] fabricat[ing] bank statements and checks."[12]  While it is unclear whether this claim stems from the trespass incident, Mr. Garcia provides the following support for this claim:

> Maliciously intent to get a conviction for plaintiff.  Checks from original document to saving in Microsoft word 1102 statements missing chronological order from one event to the next big event out of sync.  No image of plaintiff and person of interest in not interviewed or look at for investigation.  Owner of business has not made a court appearance and

---

[8] (*Id.*)

[9] (*Id.*)

[10] (*Id.* at 8.)

[11] (*Id.*)

[12] (*Id.*)

some documents signed on same date to put plaintiff in connection of crime.[13]

Finally, Mr. Garcia alleges Ogden City and Weber County have "failed to implement policies and customs for hiring officers and supervising officers," which resulted in inadequate investigation of these incidents.[14] Mr. Garcia claims Defendants' actions injured him by defaming his character and causing him anxiety, depression, emotional distress, and mental anguish.[15] Mr. Garcia also states he lost job opportunities, his section eight housing voucher, and the trust of his loved ones.[16] Mr. Garcia seeks "an Order declaring defendants['] conduct unconstitutional," a permanent injunction requiring Ogden City to "adopt appropriate policies related to hiring and supervis[ing] of officers," and compensatory and punitive damages.[17]

## LEGAL STANDARDS

The Ogden City Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, while the Weber County Defendants move for

---

[13] (*Id.*)

[14] (*Id.*)

[15] (*Id.* at 5.)

[16] (*Id.*)

[17] (*Id.*)

judgment on the pleadings pursuant to Rule 12(c).[18]  Both motions are evaluated under the Rule 12(b)(6) standard.[19]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[20]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[21]  But the court need not accept a plaintiff's conclusory allegations as true.[22]  "[A] plaintiff must offer specific factual allegations to support each claim"[23] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[24]

Because Mr. Garcia proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[25]  Still, pro se plaintiffs must follow the same procedural rules as other

---

[18] (*See* Ogden City MTD, Doc. No. 37; Weber Cnty. Mot. for JOP, Doc. No. 40.)

[19] *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

[20] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[21] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[25] *Hall*, 935 F.2d at 1110.

litigants.[26]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[27]  While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[28] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[29]

## ANALYSIS

As noted above, Defendants argue Mr. Garcia fails to state any claim for relief.[30]  The Ogden City Defendants identify the following potential claims against them: excessive force during the December 2021 traffic stop; unlawful detention or arrest during the August 2022 trespassing incident; malicious prosecution; civil conspiracy; evidence tampering (in relation to the conspiracy claim or as a general violation of federal criminal law); and a municipal government liability claim based on Ogden City

---

[26] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[27] *Hall*, 935 F.2d at 1110.

[28] *Id.*

[29] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[30] (*See* Ogden City MTD 4–9, Doc. No. 37; Weber Cnty. Mot. for JOP 4–6, 10–11, Doc. No. 40.)  The Weber County Defendants also argue they are entitled to immunity under Utah's Governmental Immunity Act and the qualified immunity doctrine.  (*See* Weber Cnty. Mot. for JOP 6–10.)  Where Mr. Garcia has failed to state any plausible claim, the court need not address these arguments.

policies or customs.[31]  The Weber County Defendants identify the following potential claims against them: malicious prosecution; civil conspiracy; municipal liability; and due process and equal protection claims under the Fourteenth Amendment.[32]  As explained below, Defendants' motions should be granted, because Mr. Garcia fails to state any claim for relief.

1.   *Excessive force claim*

In his complaint, Mr. Garcia states Officers Wilson, O'Doherty, and Ka "used excessive force to pull over the vehicle for a broken tail light."[33]  "Excessive force claims are governed by the Fourth Amendment's 'objective reasonableness' standard."[34]

> Assessing the reasonableness of the force "requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight."[35]

While Mr. Garcia claims the officers used excessive force to conduct a traffic stop,[36] he does not explain what force the officers used or why it was excessive.

---

[31] (*See* Ogden MTD 4–9, Doc. No. 37.)  As noted above, the Ogden City Defendants are Ogden City and Officers Wilson, Ka, O'Doherty, Nielsen, and Childress.

[32] (*See* Weber Mot. for JOP 2, Doc. No. 40.)  As noted above, the Weber County Defendants are Weber County, Mr. Rimmasch, and Ms. Pontius.

[33] (Compl., Doc. No. 6 at 4.)

[34] *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (quoting *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010)).

[35] *Emmett v. Armstrong*, 973 F.3d 1127, 1135 (10th Cir. 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[36] (Compl., Doc. No. 6 at 4.)

Because law enforcement officers may initiate traffic stops based on observed traffic violations,[37] Mr. Garcia's conclusory statement that the officers "used excessive force" is insufficient to state a claim.[38] Mr. Garcia also alleges he was "Terry frisked multiple times" in connection with this incident.[39] But Mr. Garcia does not challenge the validity of these frisks or otherwise allege facts showing a lack of reasonable suspicion.[40] He notes only that the frisks occurred.

    2.    *Unlawful detainment and arrest claims*

Mr. Garcia also describes an incident where Officers Nielsen and Wilson detained and then arrested him for trespassing at a convenience store.[41] Mr. Garcia claims his detention and arrest were unlawful because the store is "open to public [u]se

---

[37] *See, e.g.*, *United States v. Laughrin*, 438 F.3d 1245, 1247 (10th Cir. 2006) (noting a traffic stop "does not violate the Fourth Amendment if it is based on an observed traffic violation" (internal quotation marks omitted) (quoting *United States v. Callarman*, 273 F.3d 1284, 1286 (10th Cir. 2001))); *see also* Utah Code § 41-6a-1604(2)(a) (requiring motor vehicles to be "equipped with at least two tail lamps").

[38] *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).

[39] (Compl., Doc. No. 6 at 4.)

[40] *See United States v. Hammond*, 890 F.3d 901, 905 (10th Cir. 2018) (noting that during a valid traffic stop, "an officer may conduct a limited protective search ('frisk') if the officer harbors an articulable and reasonable suspicion that the person is armed and dangerous" (quoting *United States v. Davis*, 94 F.3d 1465, 1468 (10th Cir. 1996))).

[41] (Compl., Doc. No. 6 at 8.)

24 hours a day 7 days a week," and Officer Wilson falsely stated Mr. Garcia had warrants out for his arrest.[42]

The Fourth Amendment protects against "unreasonable searches and seizures."[43] But a police officer may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'"[44] And warrantless arrests are reasonable if "the officer has probable cause to believe a crime has been committed by the arrestee."[45] Probable cause exists when the facts and circumstances "are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."[46]

The Ogden City Defendants argue Mr. Garcia fails to support his unlawful detention or arrest claim with factual allegations because he "has not pled that the trespass was dismissed."[47] But Mr. Garcia's claims do not turn on whether he had a trespassing charge dismissed—they turn on whether the officers had reasonable

---

[42] (*Id.*)

[43] U.S. Const. amend. IV.

[44] *Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)).

[45] *Id.* (citing *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)).

[46] *Id.* (quoting *Romero*, 45 F.3d at 1476).

[47] (Ogden City MTD 6, Doc. No. 37.)

suspicion to detain him and probable cause to arrest him.[48]  To be sure, if Mr. Garcia were convicted of trespassing in state court, he could not bring § 1983 claims calling that conviction into question.[49]  But where neither Mr. Garcia nor the officers allege or contend Mr. Garcia was convicted, Mr. Garcia's claims do not turn on whether his trespassing charge was dismissed.

Despite this, Mr. Garcia still fails to state an unlawful detention or arrest claim. Even accepting Mr. Garcia's allegation that Officer Wilson falsely stated Mr. Garcia had a warrant out for his arrest,[50] the officers could detain or arrest Mr. Garcia if they had reasonable suspicion or probable cause (respectively) to believe he was trespassing.[51] Although Mr. Garcia does not mention probable cause, he contends the officers failed to "conduct[] a proper reasonable suspicion investigation."[52]  This is a conclusory

---

[48] *See Oliver*, 209 F.3d at 1186.

[49] *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that where success in a § 1983 action would necessarily call into question the validity of a state criminal conviction, the plaintiff must first achieve favorable termination of the underlying conviction).

[50] Mr. Garcia suggests Officer Wilson relied on a police database search in concluding Mr. Garcia had warrants out for his arrest: "I state my Name aloud and Officer Wilson returns with Aaron Garcia you have four felony warrants arrest him four officers put me in handcuffs." (Compl., Doc. No. 6 at 8.)  Even if Officer Wilson had relied on an incorrect police database, it would not undermine his or Officer Nielsen's probable cause.  *See, e.g.*, *United States v. Santa*, 180 F.3d 20, 27 (2d Cir. 1999) (finding probable cause where police database erroneously notified officers of an outstanding arrest warrant); *McCoy v. Smith*, No. 13-1131, 2013 U.S. Dist. LEXIS 176576, at *6–9 (D. Kan. Dec. 17, 2013) (unpublished) (same).

[51] *See Oliver*, 209 F.3d at 1186.

[52] (Compl., Doc. No. 6 at 8.)

statement, and the only factual allegation Mr. Garcia offers in support is that the convenience store where he was arrested is "open to public [u]se 24 hours a day 7 days a week."[53] But trespassing can still occur in stores open to the public.[54] Mr. Garcia notes that trespassing requires a person to "have been verbally or written warned to leave premises and came back onto premises or disregard to commands state of Utah law."[55] However, Mr. Garcia does not allege that he was never warned to leave nor does he provide any other factual allegations. Accordingly, Mr. Garcia fails to state an unlawful detention or arrest claim.[56]

### 3. *Malicious prosecution claim*

Mr. Garcia also alleges Detective Childress, Officer Wilson, and Ms. Pontius "[m]aliciously inten[ded]" to convict him.[57] Mr. Garcia does not explain when this occurred or whether he was actually convicted, nor does he otherwise assert any facts supporting this claim. A malicious prosecution claim under § 1983 includes five

---

[53] (*Id.*)

[54] *See* Utah Code § 76-6-206(2)(b) (providing criminal trespass occurs when a person "enters or remains" on property after being told not to enter by the "owner or someone with apparent authority to act for the owner").

[55] (Compl., Doc. No. 6 at 8.)

[56] *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (citing *Twombly*, 550 U.S. at 555)).

[57] (*See* Compl., Doc. No. 6 at 8.) Mr. Garcia also identifies "Paul Romansch" in connection with his malicious prosecution claim. (*See id.*) But Mr. Garcia did not name Paul Romansch as a defendant in the caption of his complaint. (*See id.* at 1); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) *the original action terminated in favor of the plaintiff*; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages."[58]  Mr. Garcia fails to allege facts showing the second element is met: he does not identify a criminal case or explain whether such case was terminated in his favor.  He also fails to allege facts showing malicious intent or a lack of probable cause.  Accordingly, Mr. Garcia fails to state a claim for malicious prosecution.

    4.    *Conspiracy claim*

Mr. Garcia also claims Officer Wilson, Detective Childress, and Ms. Pontius "coerced and orchestrated tampering evidence documents [and] fabricated bank statements and checks."[59]  Construing Mr. Garcia's complaint liberally, he may be attempting to bring a claim under 42 U.S.C. § 1985—which provides a civil cause of action for certain conspiracies to interfere with civil rights.[60]  To assert a § 1985 claim, a plaintiff must allege facts supporting a conspiracy, which requires a plaintiff to "allege specific facts showing an agreement and concerted action amongst the defendants."[61]

---

[58] *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (emphasis in original).

[59] (Compl., Doc. No. 6 at 8.)

[60] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[61] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)) (discussing conspiracy under § 1983).

Mr. Garcia fails to allege any facts showing these defendants reached an agreement or acted in concert—his conclusion (unsupported by factual allegations) that they "coerced and orchestrated" to manipulate evidence is insufficient.[62]  Accordingly, Mr. Garcia fails to state a civil conspiracy claim.

To the extent Mr. Garcia is attempting to challenge the procedure or outcome of state criminal proceedings based on his allegations that Defendants "tampered [with] Evidence, Fabricated Evidence, [or committed] perjury,"[63] such claims are barred by the *Rooker-Feldman* doctrine (if a judgment has been entered) or the *Younger* abstention doctrine (if the cases are ongoing).

Under the *Rooker-Feldman* doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."[64]  In other words, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state court judgment in a United States district court."[65]  Accordingly, the court lacks jurisdiction over Mr. Garcia's claims to the extent he seeks to challenge state court proceedings.

---

[62] *See id.* ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." (quoting *Hunt*, 17 F.3d at 1266)).

[63] (*See* Compl., Doc. No. 6 at 3.)

[64] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1982); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923)).

[65] *Id.* (internal quotation marks omitted) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

Mr. Garcia must challenge state-court proceedings and request review of any judgments or orders in those proceedings in state court, not federal court.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[66]

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[67]

State criminal proceedings involve state law and important state interests,[68] and state trial and appellate courts provide an adequate forum for Mr. Garcia's claim that his rights were violated in those proceedings. Accordingly, to the extent Mr. Garcia seeks to challenge ongoing state criminal proceedings, this court must abstain from exercising jurisdiction over those proceedings.

---

[66] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted); *see also Younger v. Harris*, 401 U.S. 37, 43–45 (1971).

[67] *Amanatullah*, 187 F.3d at 1163 (internal quotation marks omitted) (citing *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

[68] The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45).

Finally, to the extent Mr. Garcia seeks to bring a claim under criminal statutes prohibiting evidence tampering, he lacks standing to do so—only the government can initiate criminal prosecution under such statutes.[69] Similarly, as to Mr. Garcia's allegation that (unidentified) Defendants committed perjury,[70] "perjury is a crime, not a claim in a civil cause of action."[71]

    5.    *Self-incrimination, right to jury trial, cruel and unusual punishment, due process, and equal protection claims*

In his complaint, Mr. Garcia also indicates he is bringing claims for violations of his Fifth Amendment right against self-incrimination, his Seventh Amendment right to a jury trial, and his Eighth Amendment right to be free from cruel and unusual punishment.[72] But Mr. Garcia does not make factual allegations relating to these rights—he merely identifies the rights without further explanation. This is insufficient to state a claim.[73] Similarly, the vague reference Mr. Garcia makes to his Fourteenth

---

[69] *See, e.g.*, *Ellsworth v. Harris*, No. 14-cv-02933, 2014 U.S. Dist. LEXIS 176686, at *3–4 (D. Colo. Dec. 23, 2014) (unpublished) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) (dismissing § 1983 claim that investigators tampered with evidence in the plaintiff's criminal case).

[70] (*See* Compl., Doc. No. 6 at 3.)

[71] *Waller v. Waller*, No. 23-3077, 2023 U.S. App. LEXIS 21373, at *4 (10th Cir. Aug. 16, 2023) (unpublished).

[72] (*See* Compl., Doc. No. 6 at 3 (providing the following list on form complaint section asking Mr. Garcia to identify what rights Defendants violated: "Fifth Amendment self Incrimination, Seventh Amendment right to jury trial. Eighth Amendment cruel Punishment unusual punishment").)

[73] *See Kan. Penn Gaming*, 656 F.3d at 1214 ("[A] plaintiff must offer specific factual allegations to support each claim." (citing *Twombly*, 550 U.S. at 555)).

Amendment due process and equal protection rights is insufficient.[74] To the extent Mr. Garcia is attempting to invoke the Fourteenth Amendment in relation to claims of unreasonable search or seizure, malicious prosecution, evidence tampering or fabrication, or any of the various theories raised by his factual allegations, these claims are discussed above.

6.  *Failure to train and supervise claim*

Finally, Mr. Garcia alleges Ogden City and Weber County "failed to implement policies and customs for hiring officers and supervising officers regularly."[75] While "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," a local government may be held liable when the injury results from "execution of a government's policy or custom."[76] But a local government can only be held liable when an underlying constitutional violation occurred.[77] Because Mr. Garcia has failed to state a claim for any constitutional violation, Ogden City and Weber County cannot be held liable for failing to train or supervise.[78]

---

[74] (*See* Compl., Doc. No. 6 at 3 (providing—without elaboration—"fourteenth amendment shall any state deprive any person of life liberty or property with out due process of law nor deny equal protection of law").)

[75] (*See id.* at 8.)

[76] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[77] *See Whitewater v. Goss*, 192 F. App'x 794, 796–97 (10th Cir. 2006) (unpublished) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

[78] Even if Mr. Garcia had stated a constitutional claim, he fails to allege Ogden City or Weber County's failure to train or supervise was "deliberately indifferent to the need for

RECOMMENDATION

Because Mr. Garcia fails to state any claim against any defendant, the undersigned recommends the district court grant the Ogden City Defendants' motion to dismiss,[79] grant the Weber County Defendants' motion for judgment on the pleadings,[80] and dismiss this case without prejudice.[81]

The court will send this Report and Recommendation to Mr. Garcia, who has the right to object to it. However, he must file any objection within fourteen days of service, and failure to object may be considered a waiver of objections.[82]

DATED this 9th day of December, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

further training or supervision." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks omitted) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)) (noting a failure to train or supervise claim requires a showing of deliberate indifference).

[79] (Doc. No. 37.)

[80] (Doc. No. 40.)

[81] *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (noting the dismissal of a pro se plaintiff's complaint under Rule 12(b)(6) should ordinarily be without prejudice).

[82] *See* 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(2).